# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JERE HINMAN, ) | |
| ) | |
|    Plaintiff ) | |
| ) | Case No.: 3:19-cv-00551 |
| v. ) | |
| ) | JURY DEMANDED |
| BRIGHTVIEW LANDSCAPE ) | |
| DEVELOPMENT, INC. and AQUATIC ) | |
| DESIGN & ENGINEERING, INC. ) | |
| ) | |
|    Defendants ) | |
| ) | |
| BRIGHTVIEW LANDSCAPE ) | |
| DEVELOPMENT, INC. ) | |
| ) | |
|    Third-Party Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| AMERICAN COMMERCIAL ) | |
| INDUSTRIAL ELECTRIC, LLC and ) | |
| GEORGIA GUNITE AND POOL ) | |
| COMPANY, INC. ) | |
| ) | |
|    Third-Party Defendants ) | |

**THIRD-PARTY DEFENDANT GEORGIA GUNITE AND POOL COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Third-Party Defendant Georgia Gunite and Pool Company ("Georgia Gunite"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 56(a), moves for summary judgment in its favor as to the Third-Party Complaint filed by BrightView Landscape Development, Inc. ("BrightView"). In support thereof, Georgia Gunite submits as follows:

## Introduction

This case concerns a dispute over the design and construction of a $1 million pool and associated landscaping at the residence of Jere Hinman in Lebanon, Tennessee in 2015. On July 1, 2019, Ms. Hinman filed suit against BrightView (the general contractor of the pool project) and Aquatic Design and Engineering, Inc. (the designer of the pool project). The Complaint alleged that the pool was defectively designed and constructed.

More than two years after the suit was filed, BrightView filed a Third-Party Complaint against Georgia Gunite and American Commercial Industrial Electric, LLC, seeking indemnification under the "Hold Harmless" provisions contained within the subcontracts it had entered into with those two subcontractors. The Third-Party Complaint requests "an order requiring Georgia Gunite to indemnify [BrightView]" for all costs, expenses, and judgments incurred by BrightView "*insofar as those amounts are the result of and related to Georgia Gunite's performance* under its sub-contract with [BrightView.]" (Emphasis added).

The narrow issue before the Court, however, is whether the third-party claim asserted against Georgia Gunite is timely under Tennessee's four-year statute of repose for construction defect claims. *See* Tenn. Code Ann. § 28-3-202. Because the Third-Party Complaint was filed nearly six years after the pool was substantially completed, BrightView's claim for indemnification is time-barred. Accordingly, the Court should enter judgment in favor of Georgia Gunite.

## Legal Standard

A trial court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); *see also Chapman v. UAW Local 1005*, 670 F.3d 677, 680 (6th Cir. 2012). "A fact

is material for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012) (internal quotation marks omitted). "A dispute over material facts is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment the evidence is construed and all reasonable inferences are drawn in favor of the nonmoving party. *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 332 (6th Cir. 2008). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 at 251-52).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." *FDIC v. Jeff Miller Stables*, 573 F.3d 289, 294 (6th Cir. 2009) (internal quotation marks and citations omitted).

### Relevant Facts

1. On March 19, 2015, Ms. Hinman and BrightView entered into a design-build contract for the construction of a nearly $1 million pool at Ms. Hinman's residence in Lebanon, Tennessee. *See* Statement of Undisputed Material Facts (hereafter "SUMF") at ¶ 1.

2. The pool was constructed in such a manner—zero entry point, shallow depth, and underwater shelf—to fulfill Ms. Hinman's desire of having her dogs enjoy the pool without risk of drowning. *See* SUMF at ¶ 2.

3. In April 2015, BrightView entered into a subcontract with Georgia Gunite wherein Georgia Gunite would install certain plumbing and would spray the shotcrete for the pool shell and accompanying waterfall cascades for the Hinman pool project. *See* SUMF at ¶ 3.

4. At the end of April 2015, Georgia Gunite installed the plumbing and shot the shotcrete pool shell and walls as called for in the subcontract. *See* SUMF at ¶ 4.

5. The pool project was substantially completed in September 2015 because at that point Ms. Hinman was able to use the pool for its intended purpose. *See* SUMF at ¶ 5.

6. At some point in November 2015, after Ms. Hinman complained to BrightView about an abnormally high water bill, BrightView realized that an expansion joint called for in the design plans had been omitted during the construction of the pool. *See* SUMF at ¶ 6.

7. BrightView had not instructed Georgia Gunite to install an expansion joint and Georgia Gunite had not included the installation of an expansion joint in its bid to BrightView. *See* SUMF at ¶ 7.

8. Upon realizing its mistake, BrightView reached out to Aquatic Design & Engineering, Inc., the designer of the pool, to determine a path forward in light of the missing expansion joint. *See* SUMF at ¶ 8.

9. After coming up with a plan to install the missing expansion joint, BrightView reached out to Georgia Gunite and requested that Georgia Gunite assist in carrying out the plan to install the expansion joint. *See* SUMF at ¶ 9.

10. At the end of April 2016, Georgia Gunite went back to the Hinman site and, at the direction of and in conjunction with BrightView, installed the omitted expansion joint. *See* SUMF at ¶ 10.

11. On May 31, 2016, Ms. Hinman sent Scott Gross of BrightView a photograph and video of her enjoying the pool. *See* SUMF at ¶ 11.

12. After installing the expansion joint in April 2016, Georgia Gunite never heard again from BrightView or anyone else regarding the Hinman pool project until it was served with the Third-Party Complaint on September 13, 2021. *See* SUMF at ¶ 12.

13. On July 1, 2019, Ms. Hinman filed the Complaint in this lawsuit alleging breach of contract and other related claims. The Complaint, at its core, alleged that the pool was defectively designed and constructed. The Complaint named BrightView and Aquatic Design & Engineering as the sole defendants. *See generally* Complaint.

14. More than two years later, on September 3, 2021, BrightView filed its Third-Party Complaint against subcontractors Georgia Gunite and American Commercial Industrial Electric, LLC, asserting claims for indemnification. *See generally* Third-Party Complaint.

## Argument

BrightView's indemnification claim against Georgia Gunite is barred by the Tennessee statute of repose for defective improvement of real property. That statute provides:

> **All actions**, arbitrations, or other binding dispute resolution proceedings **to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property**, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, **must be brought** against any person performing or furnishing the design, planning, supervision, observation of construction, or construction of the improvement **within four (4) years after substantial completion of an improvement.**

Tenn. Code Ann. § 28-3-202 (emphasis added). Substantial completion, in turn, is defined as:

> that degree of completion of a project, improvement, or a specified area or portion thereof (in accordance with the contract documents, as modified by any change orders agreed to by the parties) **upon attainment of which the owner can use the same for the purpose for which it was intended**; the date of substantial completion may be established by written agreement between the contractor and the owner.

Tenn. Code Ann. § 28-3-201(2) (emphasis added).

The statute creates an outer limit of liability to all potential actions, regardless of the date of discovery of the purported defect. *See Counts Co. v. Praters, Inc.*, 392 S.W.3d 80, 84 (Tenn. Ct. App. 2012). "The statute of repose will bar an action four years after substantial completion, regardless of when the plaintiff may have reasonably discovered the injury. The discovery rule, utilized to ascertain when a cause of action has accrued under a statute of limitations, does not toll the statute of repose." *Chrisman v. Hill Home Dev.*, 978 S.W.2d 535, 539 (Tenn. 1998). The legislative intent behind § 28-3-202 "was to 'insulate contractors, architects, engineers and the like from liability for their defective construction or design of improvements to realty where either the occurrence giving rise to the cause of action or the injury happens more than four years after the substantial completion of the improvement.'" *Counts*, 392 S.W.3d at 84-85 (citing *Watts v. Putnam Co.*, 525 S.W.2d 488 (Tenn. 1975)).

Here, Tennessee law governs the contractual relationship between Georgia Gunite and BrightView because the subcontract states that it "shall be governed by and construed in accordance with the laws of the State in which the Project is located." Subcontract, ECF 52-2 at ¶ 22 (Page ID # 441). Obviously, the project is located in Lebanon, Tennessee. *See* SUMF at ¶ 1. It is also undisputed by BrightView and all the other parties that substantial completion of the Hinman pool project occurred in September 2015 when the pool was filled with water, operational, and turned over to Ms. Hinman. *See* Deposition Transcript of Joe Mallon at 204:7-17 (detailing how the pool was full of water, running, and turned over to Ms. Hinman); BrightView's Answer at ¶ 15 (admitting that it "complied with all material provisions of the contract and completed work on or about the date indicated" in Ms. Hinman's Complaint (i.e., September 2015)).

The fact that BrightView might have subsequently needed to perform repairs to the pool is of no moment, because substantial completion, for purposes of Tenn. Code Ann. § 28-3-202, can occur even though not all defects have been repaired. An improvement to real property is substantially complete when it can be used for its intended purpose, even if it has some defects, and thus subsequent repairs do not affect the date of substantial completion. *See Counts*, 392 S.W.3d at 86 (citing *Meyer v. Bryson*, 891 S.W.2d 223 (Tenn. Ct. App. 1994)); *see also Auto. Fin. Servs. v. Azalea Terrace*, C. A. NO. 02A01-9510-CV-00231, 1996 Tenn. App. LEXIS 647, at *7-8 (Tenn. Ct. App. Oct. 10, 1996) (holding that the fact that there were repairs to be made to the property did not affect the date of substantial completion because the property *could* be used for its intended purpose and rejecting the argument that substantial completion cannot occur until all defects have been repaired).

Accordingly, construing the dates in the light most favorable to BrightView, the statute of repose operates to bar all construction defect claims filed after September 30, 2019—four years from the very last day of September 2015. Even if it is argued that substantial completion did not occur until the retrofit installation of the missing expansion joint in April 2016, any claim against Georgia Gunite is *still* time-barred because that later point in the chronology would only provide a statute of repose deadline of April 30, 2020. The Third-Party Complaint was not filed until September 3, 2021, significantly past the expiration of the statute of repose.

And to be sure, *any* type of claim related to a construction deficiency, including a claim for indemnity, is subject to § 23-3-202. *Clinton Seafood, Inc. v. Harrington, C.A.* No. 1408, 1991 Tenn. App. LEXIS 242 (Tenn. Ct. App. Apr. 10, 1991) is dispositive on this point. In that case, the Tennessee Court of Appeals affirmed the trial court's dismissal of a claim for indemnity on the basis that it was barred by the statute of repose. In "squarely" addressing the question of "[d]oes

the Statute of Repose apply to an action for indemnity?" the Court of Appeals rejected the argument that a claim for indemnity was distinct from one for defective construction. *Id.* at *3-6. It agreed that the statute of repose was "all-encompassing" such that it would apply to *any* action that had for its basis an underlying action filed to recover damages for defective construction. *Id.* at *2-3. To hold to the contrary—that indemnity claims were somehow different—would be to "emasculate[]" the statute of repose and could lead to indemnity actions remaining viable indefinitely, a result directly contrary to the very purpose of the statute of repose. *Id.* at *5. The Court of Appeals concluded that "the statutory language 'all actions to recover damages' must be construed to include actions for indemnity, notwithstanding their discrete nature, because they are derived from and arise out of an underlying 'deficiency in the construction of an improvement to real estate.'" *Id.* at *5-6.

BrightView's Third-Party Complaint is undoubtedly one that derives from and arises out of an alleged underlying deficiency in the construction of an improvement to real estate. *See* Third-Party Complaint at ¶¶ 22-25. Accordingly, it falls within the ambit of Tennessee's statute of repose and is time-barred. *See Counts*, 392 S.W.3d at 86 (Tenn. Ct. App. 2012) (citing *Clinton Seafood*) ("this Court has previously held that claims of indemnity, breach of implied warranty, or any claim based on a construction deficiency would be subject to the time limitation found in Tenn. Code Ann. § 28-3-202"). Summary judgment should therefore be entered in favor of Georgia Gunite.

## Conclusion

BrightView's Third-Party Complaint was not filed until September 3, 2021, significantly past the expiration of the four-year statute of repose for construction defect claims. *See* Tenn. Code Ann. § 28-3-202. The Hinman pool project was substantially completed within the meaning of the statute of repose in September 2015. That means that any action to recover damages, including

any claims sounding in indemnification, needed to have been filed by September 2019. Even if one calculates the substantial completion date as being in April 2016, the Third-Party Complaint is still untimely. The upshot is that summary judgment must be entered in favor of Georgia Gunite and against BrightView because its indemnity claim is barred by operation of Tennessee's statute of repose. And given that there is no just reason for delay, Georgia Gunite respectfully requests the entry of final judgment in accordance with Federal Rule of Civil Procedure 54(b).

**LEWIS THOMASON, P.C.**

*s/ Isaac S. Lew*
Isaac S. Lew (#36702)
ilew@lewisthomason.com
40 S. Main St., Suite 2900
Memphis, TN 38103
Telephone: (901) 525-8721

Reba Brown (#10920)
rbrown@lewisthomason.com
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219-8615
Telephone: (615) 259-1366

*Attorneys for Third-Party Defendant*
*Georgia Gunite and Pool Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail on July 22, 2022, on all counsel of record on the service list below.

*s/ Isaac S. Lew*
Isaac S. Lew

| | |
|---|---|
| **John O. Belcher, Esq.**<br>jbelcher@bshlawyers.com<br>BELCHER SYKES HARRINGTON, PLLC<br>320 Seven Springs Way, Suite 110<br>Brentwood, TN 37027<br><br>*Attorneys for Plaintiff Jere Hinman*<br><br>**James M. Burd, Esq.**<br>james.burd@wilsonelser.com<br>**W. Douglas Kemper, Esq.**<br>doug.kemper@wilsonelser.com<br>**Marcia L. Pearson, Esq.**<br>marcia.pearson@wilsonelser.com<br>WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER, LLP<br>100 Mallard Creek Road, Suite 250<br>Louisville, KY 40207<br><br>*Attorneys for Defendant Brightview Landscape Development, Inc.* | **Brian S. Spitler, Esq.**<br>bspitler@cskl.law<br>**Angela Cirina Kopet, Esq.**<br>akopet@cskl.law<br>COPELAND, STAIR, KINGMA & LOVELL LLP<br>735 Broad Street, Suite 1204<br>Chattanooga, TN 37402<br><br>*Attorneys for Defendant Aquatic Design & Engineering, Inc.*<br><br>**Vic L. McConnell, Esq.**<br>vmcconnell@smithcashion.com<br>SMITH, CASHION & ORR<br>424 Church Street, Suite 1200<br>Nashville, TN 37219<br><br>*Attorneys for Third-Party Defendant American Commercial Industrial Electric, LLC* |