IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION
*Electronically Filed*

| | |
|---|---|
| **JERE HINMAN,** ) | |
| ) | |
| Plaintiff, ) | No. 3:19-cv-00551 |
| ) | |
| v. ) | HON. ALETA A. TRAUGER, |
| ) | Presiding |
| **BRIGHTVIEW LANDSCAPE** ) | JURY DEMAND |
| **DEVELOPMENT, INC.; and** ) | |
| **AQUATIC DESIGN & ENGINEERING, INC.,** ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| **BRIGHTVIEW LANDSCAPE** ) | |
| **DEVELOPMENT, INC.,** ) | |
| ) | |
| Third-Party Plaintiff. ) | |
| ) | |
| v. ) | |
| ) | |
| **AMERICAN COMMERCIAL** ) | |
| **INDUSTRIAL ELECTRIC, LLC and** ) | |
| **GEORGIA GUNITE AND POOL** ) | |
| **COMPANY, INC.,** ) | |
| ) | |
| Third-Party Defendants. ) | |

## BRIGHTVIEW'S RESPONSE TO GEORGIA GUNITE'S MOTION FOR SUMMARY JUDGMENT

Defendant/Third-Party Plaintiff, BrightView Landscape Development, Inc. ("BrightView"), through counsel, hereby submits its Response to Third-Party Defendant Georgia Gunite and Pool Company, Inc.'s ("Georgia Gunite") Motion for Summary Judgment, as follows:

1

## INTRODUCTION

This is an action for contractual indemnity. While it is related to the underlying litigation between BrightView and other parties, it is itself a totally separate action from the breach of contract and tort claims Plaintiff asserts against BrightView. As the general contractor for the design-build project to install an extravagant pool and water feature for Plaintiff, BrightView contracted with Georgia Gunite to provide various labor, materials, and equipment to complete the construction of the pool. The written contract between BrightView and Georgia Gunite, which forms the basis of this separate stand-alone matter, unambiguously provides that Georgia Gunite must indemnify and hold harmless BrightView "from and against any and all claims, demands or actions made by any person or entity whether valid or not, arising out of the performance by [Georgia Gunite] of this subcontract." [DN 52-2, Page ID# 439]. Specifically, the indemnification provision provides, in relevant part:

> **13. HOLD HARMLESS**
> Subcontractor indemnifies and holds Contractor, Owner, Contractor's Client (if other than Owner) and Architect, and their officers, directors, employees, and agents (collectively "Indemnitees") harmless from and against any and all claims, demands, or actions made by any person or entity whether valid or not, arising out of the performance by Subcontractor (including, without limitation, its employees, agents, and sub-subcontractors) of this Subcontract. Subcontractor agrees to reimburse indemnitees upon demand for any expenses, including reasonable attorney's fees, incurred by Indemnitees in defending against or dealing with any such claims.

[DN 52-2, Page ID# 439]

Plaintiff asserted claims against BrightView for alleged defective construction of the pool project. BrightView subsequently exercised its rights under the subcontract that allows it to seek indemnification from Georgia Gunite. Specifically, BrightView filed a Third-Party Complaint against Georgia Gunite, seeking indemnification for all costs, losses, liabilities, expenses, judgments, fines, and other amounts incurred by BrightView "insofar as those amounts are the

2

result of and related to Georgia Gunite's performance under its sub-contract with Third-Party Plaintiff." [DN 52, Page ID# 420].

Georgia Gunite now seeks to escape its contractual obligations to BrightView by pointing to an inapplicable statute of repose found in T.C.A. § 28-3-202, arguing that BrightView's indemnification claim is untimely. [*See, e.g.*, DN 87]. In making its argument, Georgia Gunite ignores the clear distinction between common law and contractual indemnity claims, and seeks to impose the Statute of Repose applicable to common law indemnity claims on this contractual indemnity action. Georgia Gunite's hopeful technicality arguments are not well taken, and the motion should be denied.

## LEGAL STANDARD

Fed. R. Civ. P. 56(a) provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any materials and the movant is entitled to judgment as a matter of law." It is the burden of the party seeking summary judgment to show the court that, under uncontradicted facts, the moving party is entitled to judgment as a matter of law. *Morgan v. Brush Wellman, Inc.*, 165 F.Supp.2d 704, 716 (E.D. Tenn. 2001). Further, in assessing the validity of a motion for summary judgment, "the court views the pleadings, depositions, answers to interrogatories, admissions, and competent affidavits in a light most favorable to the opponent of the motion." *Id.* at 716. Summary judgment should be granted only if, after time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

3

## LAW AND ARGUMENT

### A. The statute of repose does not apply to BrightView's third-party contractual indemnification claim against Georgia Gunite.

Georgia Gunite's motion for summary judgment on BrightView's contractual indemnification claim is premised solely on the provisions of T.C.A. § 28-3-202, the statute of repose for construction defect claims. The statute provides:

> **28-3-202. Limitation of actions.**
>
> All actions to recover damages for any deficiency in the design, planning supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such an improvement within four (4) years after substantial completion of such an improvement.

As Georgia Gunite points out, the statute's intent is "to insulate contractors, architects, engineers and the like from liability for their *defective construction or design* of improvements to realty where either the occurrence giving rise to the cause of action or the injury happens more than four years after the substantial completion of the work." *Watts v. Putnam County*, 525 S.W.2d 488, 492 (Tenn. 1975) (emphasis added).

Georgia Gunite argues that the statute of repose broadly "operates to bar all construction defect claims filed after September 30, 2019[,]" four years from the date of substantial completion.[1] [*See* DN 87, Page ID# 1958]. However, as Georgia Gunite conflates the concepts of common law and contractual indemnity, its reliance on the statute of repose is misplaced. Specifically, Georgia Gunite appears to ignore the fact that BrightView's claim against it arises

---

[1] For purposes of this Response, BrightView does not dispute the dates which Georgia Gunite marks as the date of substantial completion of the project. Rather, BrightView submits that the dates of substantial completion are irrelevant, since T.C.A. § 28-3-202 is inapplicable to BrightView's third-party contractual claim against Georgia Gunite.

4

solely under the **contractual** obligations between the parties. It is not a common law claim for indemnity based on "defective construction or design" of the pool project. In other words, it is a **contract** action, not a tort action.

Indeed, the statute of repose is limited to actions "for any deficiency in the design, planning supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency[,]" and measures the time period for which a claim is barred from the accrual of the occurrence, i.e., the deficient construction. *See* T.C.A. § 28-3-202. As explained above, BrightView's claim against Georgia Gunite is predicated upon the indemnification provision in the written contract between the two parties. The claim against Georgia Gunite clearly arises from *contractual obligations* between it and BrightView, and is not predicated on tortious construction defects addressed by the legislature in enacting T.C.A. § 28-3-202. BrightView merely seeks to enforce its *contractual* terms for indemnification in the event there is a judgment against it in the underlying suit; it is not bringing a tort claim for construction defects against Georgia Gunite. The statute of repose contemplates that the subject claim is one that arises in tort. *See e.g.*, *Harmon v. Angus R. Jessup Associates, Inc.*, 619 S.W.2d 522 (Tenn. 1981) (upholding constitutionality of the statute of repose and accepting that "the General Assembly can reasonably prescribe outside limits for the filing of claims regardless of traditional concepts of the 'accrual' of a cause of action *in tort*."). Indeed, "the four-year statute of limitations in Tenn. Code. Ann. § 28-3-202 applies to an action **seeking damages resulting from the construction** of an improvement to real property[.]" *Lonning v. Jim Walter Homes, Inc.*, 727 S.W.2d 682, 685 (Tenn. Ct. App. 1986) (emphasis added).

Put simply, BrightView is not seeking damages from Georgia Gunite directly "resulting from the construction" of Plaintiff's pool. Rather, it merely seeks to enforce its contractual rights.

5

Contrary to Georgia Gunite's assertions, Plaintiff's assertion of a tort claim against BrightView is not determinative of the issue before the Court in this motion.[2] BrightView's separate and independent **contractual** indemnification claim against Georgia Gunite does not fall under the purview of T.C.A. § 28-3-202, and is not controlled by the statute of repose set forth therein.

Moreover, the authority on which Georgia Gunite heavily relies is easily distinguishable from the case at bar, and further underscores T.C.A. § 28-3-202's inapplicability in this case. None of the cases Georgia Gunite cites involve claims for *contractual* indemnification. Georgia Gunite argues that the unpublished Court of Appeals case of *Clinton Seafood, Inc. v. Harrington*, 1991 Tenn. App. LEXIS 242 (Tenn. Ct. App. Apr. 10, 1991) establishes that the statute of repose bars *any* type of claim related to a construction deficiency, including one for indemnity. In fairness, *Clinton Seafood* did hold that the statute of repose operated to bar a contractor's indemnification claim against the subcontractor. *See id.* at *5-6. However, that case analyzed the statute of repose in the context of a common law indemnity claim,[3] and the court relied on the accrual of the *tort action* that formed the basis of the indemnity claim involved in that matter:

> The injury here occurred well within the four-year period. The tort action was filed within this period; a third-party action clearly could have been brought against the contractor within this period. **But for whatever reason, action against the contractor was delayed beyond the period of repose. It is now brought as one for indemnity**. The language of our Supreme Court in *Watts*, that the legislature intended that architects, etc. not be subject to lawsuits except for these injuries which occur within four years after substantial completion is instructive, since the underlying injury occurred within four years from the substantial completion of the improvement.

---

[2] Contrast the relationship between Plaintiff and Georgia Gunite with that of BrightView and Georgia Gunite. There is no contract between Plaintiff and Georgia Gunite, so Plaintiff could not possibly seek a claim in contract. Rather, the claim would be in tort for alleged deficient construction of the pool. In that scenario, the statute of repose would bar Plaintiff's claim against Georgia Gunite if brought more than four years after the substantial completion of the pool project since there exists a measureable "occurrence," i.e., tort damage, that the statute governs. There is no such occurrence between BrightView and Georgia Gunite, since the claim asserted is solely for enforcement of contractual obligations and not defective construction.

[3] There is no indication anywhere in the *Clinton Seafood* opinion that a contractual provision for indemnification was at issue. The court did not cite to any contract, nor analyze any contractual provisions.

6

*Clinton Seafood*, at *4-5.

It's clear the *Clinton Seafood* Court predicated its decision on the accrual of the tort action seeking damages for defective construction, and not on any contractual claim. Here, we have a contractual relationship between BrightView and Georgia Gunite, the written provisions of which form the basis for BrightView's claim. As such, contrary to Georgia Gunite's position, Plaintiff's tort claim against BrightView is clearly irrelevant to the equation.

Nor does *Counts Co. v. Praters, Inc.*, 392 S.W.3d 80 (Tenn. Ct. App. 2012) apply to the case at bar. It was clear in the *Counts* opinion that there was no claim for contractual indemnification between the plaintiff and defendant. In fact, the defendant in *Counts* even admitted that there was no written contract between the parties. *See id.* at 82. As such, the *common law* indemnification claim was barred by the statute of repose. *See id.* Again, in our case, BrightView's cause of action against Georgia Gunite arises solely under the parties' agreed-upon contractual provisions. BrightView is not pointing the finger at Georgia Gunite for tort damages it may owe to BrightView. It seeks only to enforce the freely-bargained-for provisions in the contract between them.[4]

In sum, the statute of repose in T.C.A. § 28-3-202 is inapplicable to the contractual indemnification claim BrightView asserts against Georgia Gunite. BrightView's claim is not untimely, and Georgia Gunite cannot escape its contractual obligations merely by pointing to a misplaced technicality. Georgia Gunite's motion should be denied on this basis.

---

[4] To hold that the statute of repose bars contractual rights of action simply because they are related to a construction project would also infringe on the freedom of contract that the state of Tennessee closely supports. Indeed, "[w]hen the law gives the power and right to contract, the right to enforce such contract necessarily and as a matter of course follows." *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 716-17 (Tenn. 2001) (citing *Uhl v. Board of Comm'rs*, 74 Tenn. 610, 614 (1881)).

7

## B. The six-year statute of limitations in T.C.A. § 28-3-109 applies to BrightView's claim against Georgia Gunite.

Given that BrightView's contractual indemnity claim is, by its very nature, one based in contract, the proper limitations period by which to measure BrightView's claim is found in T.C.A. § 23-3-109. That statute provides that "[a]ctions on contracts not otherwise provided for" shall be commenced within six (6) years after the cause of action accrued. *See* T.C.A. § 28-3-109(a)(3). To be sure, Tennessee courts hold that contracts for indemnity fall under the six-year statute of limitations period. *See Nissan North America, Inc. v. Schrader Electronics, Ltd.*, 2013 U.S. Dist. LEXIS 101381, at *14 (M.D. Tenn. Jul. 18, 2013) (holding that contractual indemnification claim was timely filed since "the governing statute of limitations for such claims is the six year period in Tenn. Code Ann. § 28-3-109."). Additionally, "the statute of limitations for an action for indemnity or contribution does not commence to run until there has been a payment made or some loss suffered by a party seeking such indemnification or contribution." *Security Fire Protection Co. v. Ripley*, 608 S.W.2d 874, 877 (Tenn. Ct. App. 1980).

As noted above, BrightView's claim against Georgia Gunite is one arising solely out of the contract between the parties, and not from any claim in tort for negligent construction. The contractual indemnification claim thus falls within the six-year statute of limitations as required by Tennessee law. For good measure, BrightView's claim is also timely under the applicable limitations period, since "such claims do not accrue until the end of the pertinent litigation." *Nissan North America*, at *14. The underlying litigation involving Plaintiff and BrightView has not concluded, and thus BrightView's claim against Georgia Gunite has not begun to accrue.

## CONCLUSION

Georgia Gunite's arguments are not congruent with the law. The statute of repose in T.C.A. § 28-3-202 does not bar BrightView's contractual indemnification claim, as it is a right of action

8

arising only from the written agreement between the parties. The authority upon which Georgia Gunite relies is inapposite for this very reason. The Court must address BrightView's indemnification claim against Georgia Gunite for what it is – a claim arising from contract, which means BrightView's claim is governed by the six-year limitations period in T.C.A. § 28-3-109(a)(3). As such, BrightView respectfully requests that the Court deny Georgia Gunite's motion for summary judgment.

Respectfully submitted,

*/s/ W. Douglas Kemper*
James M. Burd (TN Bar No. 34940)
W. Douglas Kemper (*pro hac vice*)
**Wilson, Elser, Moskowitz, Edelman & Dicker, LLP**
100 Mallard Creek Road, Suite 250
Louisville, Kentucky 40207
Telephone: (502) 238-8500
Facsimile: (502) 238-7995
james.burd@wilsonelser.com
doug.kemper@wilsonelser.com
*Counsel for Defendant,*
*BrightView Landscape Development, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was electronically filed using the ECF/CM electronic filing system on this 12th day of August, 2022, which will send notice of electronic filing to the following:

John O. Belcher
Katherine Garro McCain
BELCHER SYKES HARRINGTON, PLLC
320 Seven Springs Way, Suite 110
Brentwood, TN 37027
jbelcher@bshlawyers.com
kmccain@bshlawyers.com
*Counsel for Plaintiff Jere Hinman*

Brian S. Spitler
Angela Cirina Kopet
COPELAND, STAIR, KINGMA & LOVELL, LLP
735 Broad Street, Suite 1204
Chattanooga, TN 37402
bspitler@csvl.law
akopet@csvl.law
*Counsel for Defendant, Aquatic Design & Engineering, Inc.*

Vic L. McConnell
Smith Cashion & Orr
424 Church Street, Suite 1200
Nashville, TN 37219
vmcconnell@smithcashion.com
*Counsel for Third-Party Defendant*
*American Commercial Industrial Electric, LLC*

Isaac S. Lew
Lewis Thomason, P.C.
40 S. Main Street, Suite 2900
Memphis, TN 38103
sbarton@lewisthomason.com
ilew@lewisthomason.com

and

Reba Brown
Lewis Thomason, P.C.
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219-8615
rbrown@lewisthomason.com
*Counsel for Third-Party Defendant*
*Georgia Gunite and Pool Company, Inc.*

                                                                /s/ W. Douglas Kemper
                                                                *Counsel for Defendant,*
                                                                 *BrightView Landscape Development, Inc.*