IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERE HINMAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) Case No.: 3:19-cv-00551 |
| v. | ) |
| | ) JURY DEMANDED |
| BRIGHTVIEW LANDSCAPE | ) |
| DEVELOPMENT, INC. and AQUATIC | ) |
| DESIGN & ENGINEERING, INC. | ) |
| | ) |
| Defendants | ) |
| | ) |
| BRIGHTVIEW LANDSCAPE | ) |
| DEVELOPMENT, INC. | ) |
| | ) |
| Third-Party Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| AMERICAN COMMERCIAL | ) |
| INDUSTRIAL ELECTRIC, LLC and | ) |
| GEORGIA GUNITE AND POOL | ) |
| COMPANY, INC. | ) |
| | ) |
| Third-Party Defendants | ) |

## GEORGIA GUNITE AND POOL COMPANY'S REPLY
## TO BRIGHTVIEW'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

Third-Party Defendant Georgia Gunite and Pool Company ("Georgia Gunite"), by and through its undersigned counsel and pursuant to Local Rule 56, hereby replies to the Response to Georgia Gunite's Motion for Summary Judgment [Doc No. 95] ("the Opposition Memo") filed by Third-Party Plaintiff BrightView Landscape Development, Inc. ("BrightView"). In reply to the Opposition Memo, Georgia Gunite submits the following:

**Introduction**

BrightView agrees that there are no disputes of material fact that would preclude the Court from ruling on whether the statute of repose bars its Third-Party Complaint. Instead, BrightView opposes Georgia Gunite's motion for summary judgment on a peculiar legal argument: that the statute of repose for construction defects does not apply to a claim predicated upon an indemnification provision found in a written contract *despite* the fact that the statue of repose bars "*all* actions" and *despite* the fact that Tennessee caselaw directly on point has held that the statute applies to claims for indemnification. BrightView cites no authority in support of the contention that contract-based indemnification claims fall outside the statute of repose because there is none. In fact, BrightView's argument is contrary to Tennessee law that holds that the statute of repose applies to *any* action that has for its basis an underlying action to recover damages for defective construction. BrightView's interpretation of the statute's applicability is also contrary to the statutory text. Summary judgment should therefore be entered in favor of Georgia Gunite because there is simply no rationale or legal distinction between contract-based indemnification claims and those based on common law indemnification.

**Argument**

**I. Tennessee law applies and the *Clinton Seafood* case is good law.**

As a threshold matter, it must be made clear that Tennessee case law applies to this dispute even though it is an unpublished decision. A federal court adjudicating claims premised on state law must "apply state law in accordance with the controlling decisions of the state supreme court." *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001). If the state supreme court has not yet addressed the issue presented, [the federal court] must predict how the [state supreme] court would rule by looking to all the available data." *Id.* "'Relevant data' include decisions of the state appellate courts, even if they are unreported." *Metro. Gov't of Nashville &*

*Davidson Cty. v. Affiliated Comput. Servs., Inc.*, No. 3:07cv0080, 2008 U.S. Dist. LEXIS 132346, at *64 n.8 (M.D. Tenn. July 17, 2008) (citing *Allstate Ins. Co.*, 249 F.3d at 454 ("Relevant data include decisions of the state appellate courts, and those decisions should not be disregarded unless [the Court is] presented with persuasive data that the [state supreme court] would decide otherwise.")).

BrightView takes a swipe at *Clinton Seafood* for being an unreported case, *see* Opposition Memo at 6, but offers no other Tennessee decision in support of its argument nor other persuasive data that the rationale employed by the *Clinton Seafood* court would not be followed by the Tennessee Supreme Court. In fact, to the extent there were any doubts on this score, it should be noted that the other case cited by Georgia Gunite in support of applying the statute of repose to bar BrightView's claim—*Counts Co. v. Praters, Inc.*—explicitly cited to *Clinton Seafood* for the proposition that indemnity claims are subject to the statute of repose. *See Counts Co. v. Praters, Inc.*, 392 S.W.3d 80, 86 (Tenn. Ct. App. 2012) (citing *Clinton Seafood*). Accordingly, *Clinton Seafood* and *Counts Co.* are the two cases most directly applicable to this dispute and support Georgia Gunite's position, even if one of them is unreported.

## II. All indemnification claims whether based in contract or common law are subject to the construction defect statute of repose.

BrightView argues that the statute of repose governing defective construction claims, Tenn. Code Ann. § 28-3-202 does not apply to indemnification claims premised on an indemnification provision found in a contract between two parties. *See* Opposition Memo at 4-7. BrightView is incorrect.

First, BrightView offers no legal authority that supports distinguishing between a common law indemnification claim (which BrightView concedes would be barred) and one based on a written contractual provision like the one it travels under here. The best BrightView can offer is

pointing out that the *Clinton Seafood* case made no reference to a contract and that the *Counts* case seemingly did not involve a contractual indemnification provision. *See* Opposition Memo at 6-7. But BrightView offers no analysis as to why the lack of a written contract matters or how its interpretation aligns with the legislative intent "to 'insulate contractors, architects, engineers and the like from liability for their defective construction or design of improvements to realty where either the occurrence giving rise to the cause of action or the injury happens more than four years after the substantial completion of the improvement." *Watts v. Putnam County*, 525 S.W.2d 488, 492 (Tenn. 1975) (quoting *Agus v. Future Chattanooga Dev. Corp.*, 358 F. Supp. 246, 251 (E.D. Tenn. 1973)).

Two cases are fatal to BrightView's contention. In *Agus v. Future Chattanooga Dev. Corp.*, 358 F. Supp. 246, several third-party defendants (engineers and architects) sought summary judgment on the basis that the third-party plaintiffs' (building owners) claims for indemnification were barred as untimely by operation of the construction defect statute of repose (then located at Tenn. Code Ann. § 28-314). *Id.* at 248-49. Like BrightView here, the third-party plaintiffs there countered that what they really sought was contractual indemnification which should not be barred by the statute of repose but instead controlled by Tennessee's six-year statute of limitation applicable to contract actions. *Id.* at 249. The district court "[a]ssuming *arguendo* that the instant indemnity action is contractual in nature" rejected the third-party plaintiffs' argument. *Id.* It held that the construction defect statute of repose controlled over the six-year statute of limitation because it was the more specific statute despite the characterization of the claims by the third-party plaintiffs as being based in contract. *Id.* at 250-51. It dismissed all of the third-party plaintiffs' indemnification claims as time-barred because they were filed more than four years after substantial completion of the building. *Id.* at 251.

More recently, the Tennessee Court of Appeals reaffirmed that the statute of repose's coverage extends to contract actions. In *Henry v. Cherokee Constr. & Supply Co.*, 301 S.W.3d 263 (Tenn. Ct. App. 2009), the Court of Appeals affirmed the entry of summary judgment in favor of a contractor because the plaintiff's claims were barred by the four-year statute of repose. Most relevant here, the case involved a written contract. *Id.* at 264. In holding that the plaintiffs' creatively pled claims were at their core based on defective construction—and therefore subject to the statute of repose—the Court of Appeals explained:

> As our Supreme Court has instructed: "[T]he designation given to a cause of action does not necessarily or conclusively determine whether Tenn. Code Ann. § 28-3-202 applies. Rather, we must look to the substantive allegations of the complaint." *Chrisman v. Hill Home Dev., Inc*., 978 S.W.2d 535, 540 (Tenn. 1998). The *Chrisman* Court found that an action couched as nuisance was actually "an 'action[] to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property.'" *Id*. at 541 (quoting Tenn. Code Ann. § 28-3-202 (1980)). The *Chrisman* Court further noted that this Court had applied Tenn. Code Ann. § 28-3-202 to bar a suit that included claims for fraudulent misrepresentation and breach of express warranty, and one that included claims for strict liability, breach of implied and express warranties, and misrepresentation and stated: "Like nuisance, these claims do not require proof of negligence, yet the statue of repose applies with equal effect to all of them." *Id*. at 540 (discussing *Lonning v. Jim Walter Homes, Inc*., 725 S.W.2d 682 (Tenn. Ct. App. 1987) (including claims of fraudulent misrepresentation and breach of express warranty); *Pridemark Custom Plating, Inc. v. Upjohn, Co*., 702 S.W.2d 566 (Tenn. Ct. App. 1985) (including claims of strict liability, breach of implied and express warranties, and misrepresentation)).
>
> Plaintiffs argue that they have not sued for damages resulting from a construction defect but instead have sued for "a negligent misrepresentation of completeness and Notice of Completion…." Plaintiffs argue that their claim is based upon the Notice of Completion being negligently filed because Defendant had not actually completed the construction as required by the agreement between the parties.
>
> After a careful and thorough review of the record on appeal, we conclude that regardless of how Plaintiffs' claim is couched, the case at hand is an action "to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency…." Tenn. Code Ann. § 28-3-202 (2000). The material substantive allegations of Plaintiffs'

complaint relate to Defendant's alleged negligence in the construction of the house. As such, the Trial Court did not err in applying Tenn. Code Ann. 28-3-202.

*Henry*, 301 S.W.3d at 266-67. The upshot of the *Henry* decision is that the statute of repose *does* apply *all claims* stemming from allegedly defective construction regardless of how a plaintiff (or third-party plaintiff) couches or labels its claims.

Finally, BrightView's view of the statute of repose not applying to contract-based indemnification claims is nonsensical because the definition of the term "substantial completion" in the statute explicitly contemplates that there may be a written agreement:

> that degree of completion of a project, improvement, or a specified area or portion thereof (in accordance with the contract documents, as modified by any change orders agreed to by the parties) upon attainment of which the owner can use the same for the purpose for which it was intended; **the date of substantial completion may be established by written agreement between the contractor and the owner.**

Tenn. Code Ann. § 28-3-201(2) (emphasis added).

"It is the duty of the court to reconcile inconsistent or repugnant provisions of a statute, and to construe a statute so that no part will be inoperative, superfluous, void or insignificant. It must give effect to every word, phrase, clause and sentence of the act in order to achieve the Legislature's intent, and it must construe a statute so that no section will destroy another." *Plough, Inc. v. Premier Pneumatics, Inc.*, 660 S.W.2d 495, 499 (Tenn. Ct. App. 1983).

Under BrightView's reading of the statute, the inclusion of a substantial completion date in a contract would then destroy the very operation of the statute of repose and would preclude its application to bar any indemnification claims. That would effectively render the text and purpose of the statute inoperative. This is yet another clue why BrightView's argument should be rejected.

## Conclusion

BrightView's claim for indemnification is subject to the statute of repose found in Tenn. Code Ann. § 28-3-202 even though BrightView's indemnification is based upon a provision contained in a contract it had with Georgia Gunite. For purposes of interpreting the statue of repose, Tennessee law makes no distinction between contract-based indemnification claims and common law indemnification claims. BrightView's arguments to the contrary are not supported by the plain text of the statute nor any Tennessee caselaw. Because BrightView's claim was filed more than four years after substantial completion, it is untimely and the Court should enter summary judgment in favor of Georgia Gunite.

Respectfully submitted,

**LEWIS THOMASON, P.C.**

*s/ Isaac S. Lew*
Isaac S. Lew (#36702)
ilew@lewisthomason.com
40 S. Main St., Suite 2900
Memphis, TN 38103
Telephone: (901) 525-8721

Reba Brown (#10920)
rbrown@lewisthomason.com
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219-8615
Telephone: (615) 259-1366

*Attorneys for Third-Party Defendant*
*Georgia Gunite and Pool Company, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail on August 22, 2022, on all counsel of record on the service list below.

                                          *s/ Isaac S. Lew*
                                          Isaac S. Lew

| | |
|---|---|
| **John O. Belcher, Esq.**<br>jbelcher@bshlawyers.com<br>BELCHER SYKES HARRINGTON, PLLC<br>320 Seven Springs Way, Suite 110<br>Brentwood, TN 37027<br><br>*Attorneys for Plaintiff Jere Hinman*<br><br>**James M. Burd, Esq.**<br>james.burd@wilsonelser.com<br>**W. Douglas Kemper, Esq.**<br>doug.kemper@wilsonelser.com<br>**Marcia L. Pearson, Esq.**<br>marcia.pearson@wilsonelser.com<br>WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER, LLP<br>100 Mallard Creek Road, Suite 250<br>Louisville, KY 40207<br><br>*Attorneys for Defendant Brightview Landscape Development, Inc.* | **Brian S. Spitler, Esq.**<br>bspitler@cskl.law<br>**Angela Cirina Kopet, Esq.**<br>akopet@cskl.law<br>COPELAND, STAIR, KINGMA & LOVELL LLP<br>735 Broad Street, Suite 1204<br>Chattanooga, TN 37402<br><br>*Attorneys for Defendant Aquatic Design & Engineering, Inc.*<br><br>**Vic L. McConnell, Esq.**<br>vmcconnell@smithcashion.com<br>SMITH, CASHION & ORR<br>424 Church Street, Suite 1200<br>Nashville, TN 37219<br><br>*Attorneys for Third-Party Defendant American Commercial Industrial Electric, LLC* |