IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERE HINMAN, | ) |
| Plaintiff, | ) |
| v. | ) |
| BRIGHTVIEW LANDSCAPE DEVELOPMENT, INC; and AQUATIC DESIGN & ENGINEERING, INC., | ) |
| Defendants/ | ) Case No.: 3:19-cv-00551 |
| and | ) Honorable Aleta A. Trauger |
| BRIGHTVIEW LANDSCAPE DEVELOPMENT, INC., | ) JURY DEMAND |
| Third-Party Plaintiff, | ) |
| v. | ) |
| AMERICAN COMMERCIAL INDUSTRIAL ELECTRIC, LLC and GEORGIA GUNITE AND POOL COMPANY, INC., | ) |
| Third-Party Defendants. | ) |

**THIRD-PARTY DEFENDANT AMERICAN COMMERCIAL INDUSTRIAL ELECTRIC'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** Third-Party Defendant, American Commercial Industrial Electric, LLC ("ACIE"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 56(a), and respectfully submits its Memorandum of Law in support of its Motion for Summary Judgment, moving for summary judgment in its favor as to the Third-Party Complaint filed by BrightView Landscape Development, Inc. ("BrightView").

## BACKGROUND

This case concerns a dispute over the design and construction of an expensive and elaborate pool and associated landscaping at the residence of Jere Hinman (hereinafter, "Plaintiff" or "Ms. Hinman") in Lebanon, Tennessee in 2015. On July 1, 2019, Ms. Hinman filed suit against BrightView (the general contractor of the pool project) and Aquatic Design and Engineering, Inc. (the designer of the pool project). The Complaint alleged that the pool was defectively designed and constructed.

More than two years after the suit was filed, BrightView filed a Third-Party Complaint against Georgia Gunite and American Commercial Industrial Electric, LLC, seeking indemnification under the "Hold Harmless" provisions contained within the subcontracts it had entered into with those two subcontractors. The Third-Party Complaint requests "an order requiring [ACIE] to indemnify [BrightView]" for all costs, expenses, and judgments incurred by BrightView "*insofar as those amounts are the result of and related to [ACIE's] performance* under its sub-contract with [BrightView.]" (Emphasis added).

There are two grounds before the Court that would support dismissal of ACIE. First, is the narrow issue as to whether the third-party claim asserted against ACIE is timely under Tennessee's four-year statute of repose for construction defect claims. *See* Tenn. Code Ann. § 28-3-202. Because the Third-Party Complaint was filed nearly six years after the pool was substantially completed, BrightView's claim for indemnification is time-barred. <u>Consistent with the Court's recent ruling with regard to Georgia Gunite's motion for summary judgment and for the same reasons, the Court should enter judgment in favor of ACIE</u>.

As an alternative grounds for summary judgment should the Court not dismiss the action as time-barred, no party has offered any proof that the work of ACIE on the Hinman project is deficient. Specifically, Ms. Hinman testified that she was unaware of any deficiency in the work

2

of ACIE and is not claiming damages related to ACIE's work. Hinman Dep. 268:22-269:15; 258:5-18. In addition, no expert has been designated by Hinman or BrightView to offer any opinion as to any deficiency in the work of ACIE. The expert reports offered by both Plaintiff and BrightView do not allege any issues with the work completed by ACIE. As such, given the absence of any proof of wrongdoing, all claims against ACIE should be dismissed.

## STANDARD OF REVIEW

A trial court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); *see also Chapman v. UAW Local 1005*, 670 F.3d 677, 680 (6th Cir. 2012). "A fact is material for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 776 (6th Cir. 2012) (internal quotation marks omitted). "A dispute over material facts is 'genuine' 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment the evidence is construed and all reasonable inferences are drawn in favor of the nonmoving party. *Hawkins v. Anheuser-Busch, Inc.,* 517 F.3d 321, 332 (6th Cir. 2008). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. (quoting *Anderson v. Liberty Lobby, Inc.,* 477 at 251-52).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." *FDIC v. Jeff Miller Stables*, 573 F.3d 289, 294 (6th Cir. 2009) (internal quotation marks and citations omitted).

# FACTS

1. On March 19, 2015, Ms. Hinman and BrightView entered into a design-build contract for the construction of a pool at Ms. Hinman's residence in Lebanon, Tennessee. *See* Statement of Undisputed Material Facts[1] (hereinafter, "SUMF") ¶ 1.

2. In April 2015, BrightView entered into a subcontract[2] (hereinafter, the "Subcontract") with ACIE wherein ACIE would install certain electrical work for the Hinman pool project. *See* SUMF ¶ 2.

3. ACIE installed the electrical work called as called for in the Subcontract. *See* SUMF at ¶ 3.

4. The pool project, and ACIE's work on such, was substantially completed in September 2015 because, at that point, Ms. Hinman was able to use the pool for its intended purpose. *See* SUMF ¶ 4.

5. After completion of the pool work, ACIE never heard again from BrightView or anyone else regarding the Hinman pool project until it was served with the Third-Party Complaint on September 13, 2021. *See* SUMF ¶ 5.

6. On July 1, 2019, Ms. Hinman filed the Complaint in this lawsuit alleging breach of contract and other related claims. The Complaint, at its core, alleged that the pool was defectively designed and constructed. The Complaint named BrightView and Aquatic Design & Engineering as the sole defendants. *See* SUMF ¶ 6.

7. More than two years later, on September 3, 2021, BrightView filed its Third-Party Complaint against subcontractors Georgia Gunite and American Commercial Industrial Electric, LLC, asserting claims for indemnification. *See* SUMF ¶ 7.

---

[1] ACIE's Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment has been filed contemporaneously herewith.
[2] ECF No. 52-1

8. According to the deposition testimony of Ms. Hinman, she was unaware of any deficiency of the work of ACIE and is not seeking damages related to any alleged deficient work performed by ACIE. *See* SUMF ¶ 8.

9. According to the deposition testimony of Ms. Hinman, Plaintiff has not hired any electrical contractor or expert to review the electrical system for the Hinman pool project. *See* SUMF ¶ 9.

10. According to the expert report of Ms. Hinman's expert witness, David Chapman, Plaintiff is not critical of any work performed by ACIE on the Project. *See* SUMF ¶ 10.

11. According to the expert report of BrightView's expert witness, Douglas Ferrell, BrightView's own expert witness is not critical of any work performed by ACIE on the Project. *See* SUMF ¶ 11.

## ARGUMENT

**A. BrightView's action against ACIE should be dismissed because its indemnification claim against ACIE is barred by the statute of repose.**

BrightView's indemnification claim against ACIE is barred by the Tennessee statute of repose for defective improvement of real property. That statute provides:

> All actions, arbitrations, or other binding dispute resolution proceedings to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, must be brought against any person performing or furnishing the design, planning, supervision, observation of construction, or construction of the improvement within four (4) years after substantial completion of an improvement.

Tenn. Code Ann. § 28-3-202 (emphasis added). Substantial completion, in turn, is defined as:

> that degree of completion of a project, improvement, or a specified area or portion thereof (in accordance with the contract documents, as modified by any change orders agreed to by the parties) upon

> attainment of which the owner can use the same for the purpose for which it was intended; the date of substantial completion may be established by written agreement between the contractor and the owner.

Tenn. Code Ann. § 28-3-201(2) (emphasis added).

The statute creates an outer limit of liability to all potential actions, regardless of the date of discovery of the purported defect. *See Counts Co. v. Praters, Inc.,* 392 S.W.3d 80, 84 (Tenn. Ct. App. 2012). "The statute of repose will bar an action four years after substantial completion, regardless of when the plaintiff may have reasonably discovered the injury. The discovery rule, utilized to ascertain when a cause of action has accrued under a statute of limitations, does not toll the statute of repose." *Chrisman v. Hill Home Dev.,* 978 S.W.2d 535, 539 (Tenn. 1998). The legislative intent behind § 28-3-202 "was to 'insulate contractors, architects, engineers and the like from liability for their defective construction or design of improvements to realty where either the occurrence giving rise to the cause of action or the injury happens more than four years after the substantial completion of the improvement.'" *Counts*, 392 S.W.3d at 84-85 (citing *Watts v. Putnam Co.,* 525 S.W.2d 488 (Tenn. 1975)).

Here, Tennessee law governs the contractual relationship between ACIE and BrightView because the Subcontract was executed in Tennessee. *See* Subcontract at 8, Page ID # 429. "It is a familiar rule in Tennessee that the construction and validity of a contract are governed by the law of the place where the contract is made." *Ohio Cas. Ins. Co. v. Travelers Indem. Co.*, 493 S.W.2d 465, 466 (Tenn. 1973). Furthermore, the project is located in Lebanon, Tennessee. *See* SUMF ¶ 1. It is also undisputed by BrightView and all the other parties that substantial completion of the Hinman pool project occurred in September 2015 when the pool was filled with water, operational, and turned over to Ms. Hinman. *See* SUMF ¶ 5.

The fact that BrightView might have subsequently needed to perform repairs to the pool is of no consequence, because substantial completion, for purposes of Tenn. Code Ann. § 28-3-202, can occur even though not all defects have been repaired. An improvement to real property is substantially complete when it can be used for its intended purpose, even if it has some defects, and thus subsequent repairs do not affect the date of substantial completion. *See Counts*, 392 S.W.3d at 86 (*citing Meyer v. Bryson*, 891 S.W.2d 223 (Tenn. Ct. App. 1994)); *see also Auto. Fin. Servs. v. Azalea Terrace*, C. A. NO. 02A01-9510-CV-00231, 1996 Tenn. App. LEXIS 647, at *7-8 (Tenn. Ct. App. Oct. 10, 1996) (holding that the fact that there were repairs to be made to the property did not affect the date of substantial completion because the property could be used for its intended purpose and rejecting the argument that substantial completion cannot occur until all defects have been repaired).

Accordingly, construing the dates in the light most favorable to BrightView, the statute of repose operates to bar all construction defect claims filed after September 30, 2019—four years from the very last day of September 2015. Even if it is argued that substantial completion did not occur until the retrofit installation of the missing expansion joint in April 2016, any claim against ACIE is still time-barred because that later point in the chronology would only provide a statute of repose deadline of April 30, 2020. The Third-Party Complaint was not filed until September 3, 2021, significantly past the expiration of the statute of repose.

To be sure, any type of claim related to a construction deficiency, including a claim for indemnity, is subject to § 23-3-202. *Clinton Seafood, Inc. v. Harrington, C.A*. No. 1408, 1991 Tenn. App. LEXIS 242 (Tenn. Ct. App. Apr. 10, 1991) is dispositive on this point. In that case, the Tennessee Court of Appeals affirmed the trial court's dismissal of a claim for indemnity on the basis that it was barred by the statute of repose. In "squarely" addressing the question of "[d]oes the Statute of Repose apply to an action for indemnity?" the Court of Appeals rejected

the argument that a claim for indemnity was distinct from one for defective construction. *Id.* at *3-6. It agreed that the statute of repose was "all-encompassing" such that it would apply to *any* action that had for its basis an underlying action filed to recover damages for defective construction. *Id.* at *2-3. To hold to the contrary—that indemnity claims were somehow different—would be to "emasculate" the statute of repose and could lead to indemnity actions remaining viable indefinitely, a result directly contrary to the very purpose of the statute of repose. *Id.* at *5. The Court of Appeals concluded that "the statutory language 'all actions to recover damages' must be construed to include actions for indemnity, notwithstanding their discrete nature, because they are derived from and arise out of an underlying 'deficiency in the construction of an improvement to real estate.'" *Id.* at *5-6.

BrightView's Third-Party Complaint is undoubtedly one that derives from and arises out of an alleged underlying deficiency in the construction of an improvement to real estate. *See* Third-Party Compl. ¶¶ 22-25. Accordingly, it falls within the ambit of Tennessee's statute of repose and is time-barred. *See Counts*, 392 S.W.3d at 86 (Tenn. Ct. App. 2012) (citing *Clinton Seafood*) ("this Court has previously held that claims of indemnity, breach of implied warranty, or any claim based on a construction deficiency would be subject to the time limitation found in Tenn. Code Ann. § 28-3-202"). Summary judgment should therefore be entered in favor of ACIE.

### B. BrightView's action against ACIE should be dismissed because both Plaintiff and BrightView have not presented any proof that ACIE's work was deficient, thereby abrogating BrightView's indemnity claim.

The Federal Rules of Civil Procedure provide, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (hereinafter, "Rule 56"). Here, ACIE can show that there has been no evidence presented disputing the fact that ACIE

374337 (2663.01)

performed the scope of work prescribed by the Subcontract without defect; therefore, ACIE is entitled to judgment as a matter of law in the dismissal of BrightView's indemnity claim.

"The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1985). After a moving party has established the absence of a material fact, summary judgment is appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In such a situation, there is no issue of material fact because a "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Byrd v. Hall*, 847 S.W.2d 208, 213 (Tenn. 1993). The Sixth Circuit has interpreted Rule 56 and the *Celotex* decision to mean that "the movant [can] challenge the opposing party to 'put up or shut up' on a critical issue. After being afforded sufficient time for discovery . . . if the [nonmoving party does] not 'put up', summary judgment [is] proper." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989); *see Byrd*, at 213.

Here, BrightView has failed to provide any evidence that it is entitled to indemnity from ACIE, as no evidence has been presented in the record showing any failure, damage, or loss due to the actions of ACIE. The record shows that the Subcontract was performed and completed without any issue being brought to the attention of ACIE. Ms. Hinman was unaware of any deficiencies of the work of ACIE and confirmed that she is not seeking any damages related to such. Further, neither of the expert witnesses proffered by Plaintiff and BrightView have been critical of any work performed by ACIE on the project. Because BrightView has failed to

9

374337 (2663.01)
Case 3:19-cv-00551   Document 111   Filed 10/14/22   Page 9 of 11 PageID #: 4828

present any evidence of defective work performed by ACIE and thus, cannot "put up" any evidence that indemnity is due from ACIE, the claim for indemnity must be dismissed.

## CONCLUSION

BrightView's Third-Party Complaint was not filed until September 3, 2021, significantly past the expiration of the four-year statute of repose for construction defect claims. *See* Tenn. Code Ann. § 28-3-202. The Hinman pool project was substantially completed within the meaning of the statute of repose in September 2015. Therefore, any action to recover damages, including any claims sounding in indemnification, must have been filed by September 2019. As such, summary judgment must be entered in favor of ACIE and against BrightView because its indemnity claim is barred by operation of Tennessee's statute of repose. In addition, no evidence has been offered by Ms. Hinman or BrightView of any defect or damages resulting from the work of ACIE. Therefore, there are no claims or damages for which BrightView can seek indemnity from ACIE. Given that there is no just reason for delay, ACIE respectfully requests the entry of final judgment in accordance with Federal Rule of Civil Procedure 54(b).

Respectfully submitted,

*/s/ Vic. L. Mcconnell*
Vic L. McConnell (BPR #019828)
SMITH, CASHION & ORR, PLC
One American Center
3100 West End Avenue, Suite 800
Nashville, TN 37203
(615) 742-8555
vmcconnell@smithcashion.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 14th day of October, 2022, I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record as listed below:

| | |
|---|---|
| Isaac S. Lew, Esq.<br>LEWIS THOMASON, P.C.<br>40 S. Main St., Suite 2900<br>Memphis, TN 38103<br>ilew@lewisthomason.com<br>Telephone: (901) 525-8721<br>*Attorney for Third-Party Defendant,*<br>*Georgia Gunite and Pool Company, Inc.* | James M. Burd, Esq.<br>W. Douglas Kemper, Esq.<br>Marcia L. Pearson, Esq.<br>WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER, LLP<br>100 Mallard Creek Road, Suite 250<br>Louisville, KY 40207<br>james.burd@wilsonelser.com<br>doug.kemper@wilsonelser.com<br>marcia.pearson@wilsonelser.com<br>*Attorneys for Defendant, Brightview*<br>*Landscape Development, Inc.* |
| Reba Brown, Esq.<br>LEWIS THOMASON, P.C.<br>424 Church Street, Suite 2500<br>P.O. Box 198615<br>Nashville, TN 37219-8615<br>rbrown@lewisthomason.com<br>Telephone: (615) 259-1366<br>*Attorney for Third-Party Defendant,*<br>*Georgia Gunite and Pool Company, Inc.* | Brian S. Spitler, Esq.<br>Angela Cirina Kopet, Esq.<br>COPELAND, STAIR, KINGMA<br>   & LOVELL LLP<br>735 Broad Street, Suite 1204<br>Chattanooga, TN 37402<br>bspitler@cskl.law<br>akopet@cskl.law<br>*Attorneys for Defendant*<br>*Aquatic Design & Engineering, Inc.* |
| John O. Belcher, Esq.<br>BELCHER SYKES HARRINGTON, PLLC<br>320 Seven Springs Way, Suite 110<br>Brentwood, TN 37027<br>jbelcher@bshlawyers.com<br>*Attorney for Plaintiff, Jere Hinman* | |

                                             */s/ Vic L. McConnell*
                                             Vic L. McConnell