# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION
*Electronically Filed*

| | |
|---|---|
| **JERE HINMAN,** ) | |
| ) | |
| Plaintiff, ) | No. 3:19-cv-00551 |
| ) | |
| v. ) | HON. ALETA A. TRAUGER, |
| ) | Presiding |
| **BRIGHTVIEW LANDSCAPE** ) | JURY DEMAND |
| **DEVELOPMENT, INC.; and** ) | |
| **AQUATIC DESIGN & ENGINEERING, INC.,** ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| **BRIGHTVIEW LANDSCAPE** ) | |
| **DEVELOPMENT, INC.,** ) | |
| ) | |
| Third-Party Plaintiff. ) | |
| ) | |
| v. ) | |
| ) | |
| **AMERICAN COMMERCIAL** ) | |
| **INDUSTRIAL ELECTRIC, LLC and** ) | |
| **GEORGIA GUNITE AND POOL** ) | |
| **COMPANY, INC.,** ) | |
| ) | |
| Third-Party Defendants. ) | |

## BRIGHTVIEW'S RESPONSE TO ACIE'S MOTION FOR SUMMARY JUDGMENT

Defendant/Third-Party Plaintiff, BrightView Landscape Development, Inc. ("BrightView"), by and through counsel, hereby submits its Response to Third-Party Defendant American Commercial Industrial Electric, LLC's ("ACIE's") Motion for Summary Judgment, as follows:

1

# INTRODUCTION

This is an action for contractual indemnity. While it is related to the underlying litigation between BrightView and other parties, it is itself a totally separate action from the breach of contract and tort claims Plaintiff asserts against BrightView. As the general contractor for the design-built project to install an extravagant pool and water feature for Plaintiff, BrightView contracted with ACIE to provide various electrical-related labor, materials, and equipment to complete the construction of the pool. The written contract between BrightView and ACIE, which forms the basis of this separate stand-alone matter, unambiguously provides that ACIE must indemnify, defend, and hold harmless BrightView "from and against any failure, loss, damage, liability or expense, including costs of defense and attorney fees, resulting therefrom." [DN 52-1, Page ID# 430].

Plaintiff asserted claims against BrightView for alleged defective electrical components and work on the pool project.[1] BrightView subsequently exercised its rights under the subcontract, which allows it to seek indemnification from ACIE. Specifically, BrightView filed a Third-Party Complaint against ACIE, seeking indemnification for all costs, losses, liabilities, expenses, judgments, fines, and other amounts incurred by BrightView "insofar as those amounts are the result of and related to [ACIE's] performance under its sub-contract with [BrightView]." [DN 52, Page ID# 420]. The Third-Party Complaint was based squarely on, and in response to, the allegations Plaintiff asserted against BrightView in her Complaint.

---

[1] Plaintiff alleges that BrightView deviated from the requirements of the Project Plans by "failing to install required grounding systems," which "has created a potential safety hazard for persons using or maintaining the pool" and which allegedly "generated cost savings to ValleyCrest." [DN 1, Page ID# 13, ¶ 17D]. Plaintiff further alleges that: BrightView "required Ms. Hinman to install a 220 Volt electrical system that was unnecessary" [DN 1, Page ID# 17, ¶ 26C]; Plaintiff's assistant "was nearly electrocuted due to faulty wiring in the electric box on the equipment pad, and her assistant's daughter was electrically shocked due to faulty wiring in the vacuum" [DN 1, Page ID# 17, ¶ 26I]; BrightView breached an express warranty by "using equipment and material that was not in conformance with the Contract," including the "electrical system" [DN 1, Page ID# 22, ¶ 38]; and BrightView was negligent "by not properly grounding electrical equipment." [DN 1, Page ID# 28, ¶ 64].

ACIE now seeks to escape its contractual obligations to BrightView by pointing to an inapplicable statute of response found in T.C.A. § 28-3-202, arguing that BrightView's indemnification claim is untimely. [*See, e.g.*, DN 111]. In making its argument, ACIE ignores the clear distinction between common law and contractual indemnity claims, and seeks to impose the Statute of Repose applicable to common law indemnity claims onto this contractual indemnity action. ACIE's hopeful technicality arguments are not well taken, and the motion should be denied on this basis alone.

ACIE further argues that no evidence has been offered by any party in this case of any defects or damages resulting from ACIE's electrical work on the project. That may be true, and if the Court is inclined to find this argument persuasive and thereby grant ACIE's present motion on that basis, then it must likewise grant BrightView's motion for summary judgment on those claims. It's axiomatic that if there's no factual basis to support the claims BrightView asserts against ACIE in the third-party complaint, that's because there's no factual support for those same claims Plaintiff asserts against BrightView in her Complaint.

## **LEGAL STANDARD**

Fed. R. Civ. P. 56(a) provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any materials and the movant is entitled to judgment as a matter of law." It is the burden of the party seeking summary judgment to show the court that, under uncontradicted facts, the moving party is entitled to judgment as a matter of law. *Morgan v. Brush Wellman, Inc.*, 165 F.Supp.2d 704, 716 (E.D. Tenn. 2001). Further, in assessing the validity of a motion for summary judgment, "the court views the pleadings, depositions, answers to interrogatories, admissions, and competent affidavits in a light most favorable to the opponent of the motion." *Id.* at 716. Summary judgment should be granted only if, after time for discovery, a

3

Case 3:19-cv-00551   Document 119   Filed 10/24/22   Page 3 of 16 PageID #: 5382

party fails to make a showing sufficient to establish the existence of an essential element of that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## LAW AND ARGUMENT

**A. The statute of repose does not apply to BrightView's third-party contractual indemnification claim against ACIE.**

ACIE's motion for summary judgment on BrightView's contractual indemnification claim is premised on the provisions of T.C.A. § 28-3-202, the statute of repose for construction defect claims. The statute provides:

> **28-3-202. Limitation of actions.**
>
> All actions to recover damages for any deficiency in the design, planning supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such an improvement within four (4) years after substantial completion of such an improvement.

As ACIE points out, the statute's intent is "to insulate contractors, architects, engineers and the like from the liability for their *defective construction or design* of improvements to realty where either the occurrence giving rise to the cause of action or the injury happens more than four years after the substantial completion of the work." *Watts v. Putnam County*, 525 S.W.2d 488, 492 (Tenn. 1975) (emphasis added).

ACIE argues that BrightView's contractual indemnification claim "falls within the ambit of Tennessee's statute of repose and is time-barred."[2] [DN 111, Page ID# 4827]. However, as ACIE conflates the concepts of common law and contractual indemnity, its reliance on the statute

---

[2] For purposes of this Response, BrightView does not dispute the dates that ACIE marks as the date of substantial completion of the project. Rather, BrightView submits that the dates of substantial completion are irrelevant, since T.C.A. § 28-3-202 is inapplicable to BrightView's third-party contractual claim against ACIE.

4

of repose is misplaced. Specifically, ACIE appears to ignore the fact that BrightView's claim arises solely under the **contractual** obligations between the parties. It is not a common law claim for indemnity based on "defective construction or design" of the pool project. In other words, it is a **contract** action, not a tort action.

Indeed, the statute of repose is limited to actions "for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of an such deficiency[,]" and measures the time period for which a claim is barred from the accrual of the occurrence, i.e., the deficient construction. *See* T.C.A. § 28-3-202. As explained above, BrightView's claim against ACIE is predicated upon the indemnification provision in the written contract between the two parties. The claim against ACIE clearly arises from *contractual obligations* between it and BrightView, and is not predicated on tortious construction defects addressed by the legislature in enacting T.C.A. § 28-3-202. BrightView merely seeks to enforce its *contractual* terms for indemnification in the event there is a judgment against it in the underlying suit; it does not assert a tort claim for construction defects against ACIE. The statute of repose contemplates that a claim that is subject to its terms is one that arises in tort. *See, e.g.*, *Harmon v. Angus R. Jessup Associates, Inc.*, 619 S.W.2d 522 (Tenn. 1981) (upholding constitutionality of the statute of repose and accepting that "the General Assembly can reasonably prescribe outside limits for the filing of claims regardless of traditional concepts of the 'accrual' of a cause of action *in tort*."). Indeed, "the four-year statute of limitations in Tenn. Code. Ann. § 28-3-202 applies to an action **seeking damages resulting from the construction** of an improvement to real property[.]" *Lonning v. Jim Walter Homes, Inc.*, 727 S.W.2d 682, 685 (Tenn. Ct. App. 1986) (emphasis added).

Put simply, BrightView is not seeking damages from ACIE directly "resulting from the construction" of Plaintiff's pool. Rather, it merely seeks to enforce its contractual rights. Contrary to ACIE's argument, Plaintiff's assertion of a tort claim against BrightView is not determinative of the issue before the Court in this motion.³ BrightView's separate and independent **contractual** indemnification claim against ACIE does not fall under the purview of T.C.A. § 28-3-202, and is not controlled by the statute of repose set forth therein. This point becomes clear when juxtaposed with a situation where an actual tort claim was asserted against ACIE. For instance, if Plaintiff had asserted a tort claim directly against ACIE for defective work, then that claim would be controlled by the statute of repose. She could not have asserted a contractual claim against ACIE, because there was no privity of contract between them. That contractual relationship existed solely between BrightView and ACIE, and it is that contract BrightView now seeks to enforce. In short, BrightView is not asserting a tort claim against ACIE.

Moreover, the authority on which ACIE heavily relies is easily distinguishable from the case at bar, and further underscores T.C.A. § 28-3-202's inapplicability in this case. None of the cases ACIE cites involve claims for *contractual* indemnification. ACIE argues that the unpublished Court of Appeals case of *Clinton Seafood, Inc. v. Harrington*, 1991 Tenn. App. LEXIS 242 (Tenn. Ct. App. Apr. 10, 1991) establishes that the statute of repose bars *any* type of claim related to a construction deficiency, including one for indemnity. In fairness, *Clinton Seafood* did hold that the statute of repose operated to bar a contractor's indemnification claim against the subcontractor. *See id.* at *5-6. However, that case analyzed the statute of repose in the

---

³ Contrast the relationship between Plaintiff and ACIE with that of BrightView and ACIE. There is no contract between Plaintiff and ACIE, so Plaintiff could not possibly seek a claim in contract. Rather, the claim would be in tort for alleged deficient construction of the pool. In that scenario, the statute of repose would bar Plaintiff's claim against ACIE if brought more than four years after the substantial completion of the pool project since there exists a measureable "occurrence," i.e., tort damage, that the statute governs. There is no such occurrence between BrightView and ACIE, since the claim asserted is solely for enforcement of contractual obligations and not defective construction.

context of a common law indemnity claim,[4] and the court relied on the accrual of the *tort action* that formed the basis of the indemnity claim involved in that matter:

> The injury here occurred well within the four-year period. The tort action was filed within this period; a third-party action clearly could have been brought against the contractor within this period. **But for whatever reason, action against the contractor was delayed beyond the period of repose. It is now brought as one for indemnity**. The language of our Supreme Court in *Watts*, that the legislature intended that architects, etc. not be subject to lawsuits except for these injuries which occur within four years after substantial completion is instructive, since the underlying injury occurred within four years from the substantial completion of the improvement.

*Clinton Seafood*, at *4-5.

It's clear the *Clinton Seafood* Court predicated its decision on the accrual of the tort action seeking damages for defective construction, and not on any contractual claim. Here, we have a contractual relationship between BrightView and ACIE, the written provisions of which form the basis for BrightView's claim. As such, contrary to ACIE's position, Plaintiff's tort claim against BrightView is irrelevant to the equation.

Nor does *Counts Co. v. Praters, Inc.*, 392 S.W.3d 80 (Tenn. Ct. App. 2012) apply to the case at bar. It was clear in the *Counts* opinion that there was no claim for contractual indemnification between the plaintiff and defendant. In fact, the defendant in *Counts* even admitted that there was no written contract between the parties. *See id.* at 82. As such, the *common law* indemnification claim was barred by the statute of repose. *See id.* Again, in our case, BrightView's cause of action against ACIE arises solely under the parties' agreed-upon contractual provisions.

---

[4] There is no indication anywhere in the *Clinton Seafood* opinion that a contractual provision for indemnification was at issue. The court did not cite to any contract, nor analyze any contractual provisions. It is reasonable to conclude that the court would have made such reference if it was analyzing a contractual indemnification provision.

7

BrightView is not pointing the finger at ACIE for tort damages it may owe to BrightView. It seeks only to enforce the freely-bargained-for provisions in the contract between them.[5]

Tennessee law simply does not address the issue of whether the statute of repose found in T.C.A. § 28-3-202 applies to contractual indemnification claims. As such, when no binding authority is available in the jurisdiction, the court may look to other circuits and courts for persuasive authority. *See, e.g.*, *Andrews v. Hickman Cty.*, 700 F.3d 845, 853 (6th Cir. 2012); *United States v. Tucker*, 28 F.3d 1420, 1425 (6th Cir. 1994). Courts in our sister circuit have addressed this issue and explicitly ruled that a nearly identical statute of repose does not apply to contractual indemnity claims.

In *Eastgate Invs. I, LLC v. MW Builders, Inc.*, 2022 U.S. Dist. LEXIS 53079 (N.D. Ind. Mar. 24, 2022), the Northern District of Indiana ruled as such in a case that is on all fours with the one at bar. In a motion for summary judgment on a contractor's contractual indemnification claim against a subcontractor, it was argued that Indiana's ten-year statute of repose for construction claims barred the contractor's contractual indemnification claim, while the contractor argued that its claim was "contractual in nature" and not within the purview of the statute of repose. *See id.* at *2. To be sure, Tennessee's statute of repose is strikingly similar to the Indiana statute analyzed in *Eastgate*, which provides:

> An action to recover damages, whether based upon contract, tort, nuisance, or another legal remedy, for: (1) a deficiency or an alleged deficiency in the design, planning, supervision, construction, or observation of construction of an improvement to real property; (2) an injury to real or personal property arising out of a deficiency; or (3) an injury or wrongful death of a person arising out of a deficiency; may not be brought against a designer or possessor

---

[5] To hold that the statute of repose bars contractual rights of action simply because they are related to a construction project would also infringe on the freedom of contract that the state of Tennessee closely supports. Indeed, "[w]hen the law gives the power and right to contract, the right to enforce such contract necessarily and as a matter of course follows." *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 716-17 (Tenn. 2001) (citing *Uhl v. Board of Comm'rs*, 74 Tenn. 610, 614 (1881)).

unless the action is commenced within . . . ten (10) years after the date of substantial completion of the improvement.

*Eastgate*, at *3-4 (quoting Ind. Code. § 32-30-1-5(d)).

Ruling in favor of the contractor and denying the motion for summary judgment, the *Eastgate* Court relied on the Indiana Court of Appeals' reasoning in *Dearborn Sch. Bldg. Corp. v. Duerstock*, 612 N.E.2d 203 (Ind. Ct. App. 1993), which is instructive here. *Duerstock* held that indemnification claims are grounded in rights granted pursuant to a contract, as opposed to suits directly seeking damages for injuries to person or property arising from deficient construction. *Duerstock*, 612 N.E.2d at 208-09. After first confirming that *Duerstock* still remains the controlling authority on the issue, the *Eastgate* Court then set forth its persuasive holding:

> The *Duerstock* court held that the statute of repose does not bar suits for damages "grounded solely in rights granted pursuant to the contract." In this case, MW, the contractor, is the party ultimately liable to Eastgate, the building's owner, and MW's recourse springs from the contract it formed with Calumet, the subcontractor. In other words, but for the contract between MW and Calumet, the rights MW asserts against Calumet (put simply, to be made whole following any suit with Eastgate) would not exist. The court thus concludes that, if presented with the question, the Indiana Court of Appeals would find that *Duerstock* encompasses all of MW's claims against Calumet, and that the statute of repose related to construction claims does not bar MW's claims.

*Eastgate*, at *7-8 (internal quotations and citations omitted). As such, the *Eastgate* Court denied the subcontractor's motion for summary judgment. *See id.* at *8. There is no reason to deviate from the *Eastgate* and *Duerstock* opinions, being directly applicable to the matter at bar.[6]

Other jurisdictions have upheld this principle, too. For instance, the Arkansas Supreme Court expressly held that a similar statute of repose under Arkansas law does not apply to

---

[6] It is noteworthy that the Indiana Statute of Repose, Ind. Code. § 32-30-1-5, explicitly includes actions upon "contract" within its language. The *Eastgate* and *Duerstock* Courts clearly thought that, *even with this language in the statute*, contract actions for indemnification – even if related to a construction project – are separate and distinct, and should not be considered an action that the statute encompasses.

9

contractual indemnification claims in the absence of the legislature's intent for such an application. *See Ray & Sons Masonry Contrs., Inc. v. United States Fid. & Guar. Co.*, 114 S.W.3d 189 (Ark. 2003). In *Ray & Sons*, the subcontractor performed masonry work on two Wal-Mart stores, and the contractor later filed an action for contractual indemnification regarding the first job, but the second job was not mentioned until the second amended complaint was filed, which fell outside the time limitation in Arkansas' statute of repose. *See id.* Like Tennessee's, the Arkansas statute provides as follows:

> (a) No action in contract, whether oral or written, sealed or unsealed, to recover damages caused by deficiency in the design, planning, supervision, or observation of construction or the construction and repair of any improvement to real property or for injury to real or personal property caused by such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, or observation of construction or the construction or repair of the improvement more than five (5) years after substantial completion of the improvement.

*Ray & Sons*, at 200 (citing Ark. Code Ann. § 16-56-112(a)).

Under this statute of repose, the *Ray & Sons* Court was tasked with determining "whether section 16-56-112(a), applies to an action for breach of the indemnity provision contained in a construction contract." *Id.* at 201. After the court distinguished authority that did not involve express indemnity provisions, the Arkansas Supreme Court held that the statute of repose *does not* apply to contractual indemnity claims pursuant to a construction contract:

> Section 16-56-112 provides a statute of repose on actions to recover damages caused by a deficiency in the construction of an improvement to real property. At issue before us is an action alleging breach of the indemnity provision in the construction contract, or in other words, an alleged breach of the contractual obligation to indemnify. **This case is not one based on damages from an alleged defective construction. Therefore, the statute of repose is not applicable to this case. If the legislature wants to expand the protection afforded by the statute of repose to include indemnity actions arising from construction work, it may wish to amend the statute.**

10

*Id.* at 202-03 (emphasis added). Indeed, in our case, the Tennessee legislature surely would have included specific language in T.C.A. § 28-3-202 had it intended to also bar contractual indemnity actions arising out of construction projects, or as suggested in *Ray & Sons*, seek to amend the statute.

In addition, the Massachusetts judiciary has ruled several times that similar statutes of repose are inapplicable to contractual indemnification claims. *See, e.g., Gomes v. Pan American Assoc.*, 406 Mass. 647 (Mass. 1990); *A.C. Moore Arts & Crafts, Inc. v. Fellsway Plaza,* 2007 Mass. Super. LEXIS 483 (Mass. Super. Ct. Oct. 9, 2007).

In *Gomes*, the plaintiff sued Pan Am Associates under a negligence theory because she fell and injured herself on a shopping mall premises owned by Pan Am. *See id.* Pan Am then filed a third-party claim for contractual indemnification against the architect that designed the mall. *See id.* at 647. The architect argued that the third-party contractual indemnification claim against it was barred by Massachusetts' statute of repose. *See id.* As such, the issue in *Gomes* was "whether the statute of repose bars a third-party action based entirely upon an express indemnification." *Id.* at 648. The Massachusetts statute of repose in *Gomes* – similar to Tennessee's – stated: an "[a]ction of tort[7] for damages arising out of any deficiency or negligence in the design, planning . . . of an improvement to real property . . . shall be commenced", no more than six years "after the earlier of the dates of (1) the opening of the improvement to use; or (2) substantial completion of the improvement." *Gomes*, at 648 (citing Mass Gen. Laws Ch. 260, § 2B). Interpreting § 2B, the

---

[7] The Massachusetts legislature chose to carve contractual claims out of its statute of repose. Perhaps, in enacting the statute, the legislature realized that the sanctity of enforcing written indemnification contracts should not be disturbed by a statute that should apply only to defective construction tort claims. The same philosophy is put to the test in *Eastgate* and *Duerstock*, even when the Indiana statute of repose clearly *included* the term "contract" in the statute; as stated, it was still held in those cases that the statute did not apply to contractual indemnification actions, since such claims by their very nature are distinctive. BrightView's contractual indemnification claim involves a completely separate and distinct theory of recovery *outside* of any construction defect claims sounding in tort, or even substantive breaches of the work described in the subcontract with ACIE.

11

*Gomes* Court concluded that the statute of repose "does not bar an action founded on an indemnification agreement of the type in this case[,]" as the "gist of Pan Am's action is essentially contractual – the enforcement of a contract of indemnification." *Id.*

Similarly, in *A.C. Moore Arts & Crafts, Inc. v. Fellsway Plaza, LP*, 2007 Mass Super. LEXIS 438 (Mass. Super. Ct. Oct. 9, 2007), the same reasoning was upheld when a Massachusetts court decided that a landowner's contractual indemnification claim was not within the purview of the same statute of repose at issue in *Gomes, supra.* In *Fellsway*, the contractor, CCI, assisted in constructing a large shopping center, Fellsway Plaza, for the owner of the land, Fellsway, LP. *See id.* Years later, A.C. Moore took over the lease for the premises, and it was discovered that a plug in the sprinkler system was negligently left in place. *See id.* at *1-2. After discovering this defect, A.C. Moore sued Fellsway, LP, who then made a claim of contractual indemnification against the contractor, CCI, pursuant to a written provision in their construction contract. *See id.* CCI defended and sought summary judgment on the grounds that the statute of repose rendered the contractual indemnification claim against it untimely, but the *Fellsway* Court ultimately disagreed. *See id.* It was held that: "[t]he defense offered by CCI, that the Statute of Repose bars the claims against it, does not apply to the contractual indemnification counterclaim being pursued by Fellsway. The Statute of Repose does not bar actions on the basis of an indemnification agreement." *Id.* at *5. As such, the Court ruled that CCI was not entitled to summary judgment on the indemnification cross-claim brought against Fellsway, LP, since it was not within the purview of the statute of repose. *See id.* at *5.

The extra-jurisdictional case law on this issue is persuasive, and in the absence of any Tennessee law on point, it strongly supports a finding that T.C.A. § 28-3-202 does not apply to contractual indemnification actions. Indeed, the sanctity of written agreements for indemnification

12

are not akin to construction defects that many statutes of repose across the country contemplate. As such, this Court should deny ACIE's motion for summary judgment, which relies wholly on Tennessee's inapposite case law that addresses only common law indemnity.

### B. The six-year statute of limitations in T.C.A. § 28-3-109 applies to BrightView's claim against ACIE.

Given that BrightView's contractual indemnity claim is, by its very nature, one based in contract, the proper limitations period by which to measure BrightView's claim is found in T.C.A. § 23-3-109, which provides that "[a]ctions on contracts not otherwise provided for" shall be commenced within six (6) years after the cause of action accrued. *See* T.C.A. § 28-3-109(a)(3). To be sure, Tennessee courts hold that contracts for indemnity fall under the six-year statute of limitations period. *See Nissan North America, Inc. v. Schrader Electronics, Ltd.*, 2013 U.S. Dist. LEXIS 101381, at *14 (M.D. Tenn. Jul. 18, 2013) (holding that contractual indemnification claim was timely filed since "the governing statute of limitations for such claims is the six year period in Tenn. Code Ann. § 28-3-109."). Additionally, "the statute of limitations for an action for indemnity or contribution does not commence to run until there has been a payment made or some loss suffered by a party seeking such indemnification or contribution." *Security Fire Protection Co. v. Ripley*, 608 S.W.2d 874, 877 (Tenn. Ct. App. 1980).

As noted above, BrightView's claim against ACIE is one arising solely out of the contract between the parties, and not from any claim in tort for negligent construction. The contractual indemnification claim thus falls within the six-year statute of limitations as required by Tennessee law. For good measure, BrightView's claim is also timely under the applicable limitations period, since "such claims do not accrue until the end of the pertinent litigation." *Nissan North America*, at *14. The underlying litigation involving Plaintiff and BrightView has not concluded and no

13

judgment has been entered by which BrightView has any obligation that would serve as a basis for its indemnity claim. As such, BrightView's claim against ACIE has not even begun to accrue.

### C. Any argument of ACIE asserting lack of proof is directly applicable to Plaintiff's claims against BrightView, and would likewise entitle BrightView to summary judgment on those claims.

Finally, ACIE argues in its motion that summary judgment is proper "because Plaintiff and BrightView have not presented any proof that ACIE's work was deficient." [DN 111, Page ID# 4827]. If the Court is inclined to grant summary judgment to ACIE on this basis, then it *must also* grant summary judgment to BrightView on Plaintiff's allegations relating to deficient electrical work on the project.[8]

To be sure, Plaintiff's Complaint against BrightView asserts that certain electrical problems were found with respect to the project. This was the impetus for the Third-Party Complaint BrightView asserted against ACIE. As such, should the Court find that summary judgment is appropriate on the basis of Plaintiff failing to prove any electrical issues with respect to ACIE's work on the project, then the Court must come to the same conclusion when deciding BrightView's motion for summary judgment as to those same claims. That is, if no electrical issues have been discovered with the project, then Plaintiff's claims asserting any electrical defects against BrightView must be summarily dismissed as well.

### CONCLUSION

ACIE's arguments are not congruent with the law. The statute of repose in T.C.A. § 28-3-202 does not bar BrightView's contractual indemnification claim, as it is a right of action arising solely from the written agreement between the parties. The authority upon which ACIE relies is inapposite for this very reason, and other jurisdictions' reasoning on the same issue strongly

---

[8] BrightView filed its own Motion for Summary Judgment on Plaintiff's remaining claims. [*See* DN 115].

14

supports the same finding here. The Court must address BrightView's indemnification claim against ACIE for what it is – a claim arising from contract, which means BrightView's claim is governed by the six-year limitations period in T.C.A. § 28-3-109(a)(3).

Alternatively, should the Court grant summary judgment to ACIE due to the absence of proof of electrical deficiencies, then it must also grant the same relief to BrightView with respect to Plaintiff's claims against it related to those same allegations.

Respectfully submitted,

*/s/ W. Douglas Kemper*
James M. Burd (TN Bar No. 34940)
W. Douglas Kemper (*pro hac vice*)
**Wilson, Elser, Moskowitz, Edelman & Dicker, LLP**
100 Mallard Creek Road, Suite 250
Louisville, Kentucky 40207
Telephone:  (502) 238-8500
Facsimile:  (502) 238-7995
james.burd@wilsonelser.com
doug.kemper@wilsonelser.com
*Counsel for Defendant,*
*BrightView Landscape Development, Inc.*

**CERTIFICATE OF SERVICE**

        I hereby certify that a true and accurate copy of the foregoing was electronically filed using the ECF/CM electronic filing system on this 24th day of October, 2022, which will send notice of electronic filing to the following:

John O. Belcher
Katherine Garro McCain
BELCHER SYKES HARRINGTON, PLLC
320 Seven Springs Way, Suite 110
Brentwood, TN  37027
jbelcher@bshlawyers.com
kmccain@bshlawyers.com
*Counsel for Plaintiff Jere Hinman*

Vic L. McConnell
Smith Cashion & Orr
424 Church Street, Suite 1200
Nashville, TN  37219
vmcconnell@smithcashion.com
*Counsel for Third-Party Defendant*
*American Commercial Industrial Electric, LLC*

Isaac S. Lew
Lewis Thomason, P.C.
40 S. Main Street, Suite 2900
Memphis, TN  38103
sbarton@lewisthomason.com
ilew@lewisthomason.com

and

Reba Brown
Lewis Thomason, P.C.
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN  37219-8615
rbrown@lewisthomason.com
*Counsel for Third-Party Defendant*
*Georgia Gunite and Pool Company, Inc.*

                                              */s/ W. Douglas Kemper*
                                              *Counsel for Defendant,*
                                              *BrightView Landscape Development, Inc.*