IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERE HINMAN, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| v. | )  Case No. 3:19-cv-00551 |
| | )  Judge Aleta A. Trauger |
| BRIGHTVIEW LANDSCAPE DEVELOPMENT, INC. and AQUATIC DESIGN & ENGINEERING, INC., | ) |
| | ) |
|   Defendants | ) |
| | ) |
| and | ) |
| | ) |
| BRIGHTVIEW LANDSCAPE DEVELOPMENT, INC., | ) |
| | ) |
|   Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMERICAN COMMERCIAL INDUSTRIAL ELECTRIC, LLC and GEORGIA GUNITE AND POOL COMPANY, INC. | ) |
| | ) |
|   Third-Party Defendants. | ) |

## MEMORANDUM and ORDER

Before the court is the Motion for Summary Judgment filed by third-party defendant American Commercial Industrial Electric ("ACIE") (Doc. No. 110), based on both the expiration of the statute of repose and the fact that neither the plaintiff nor the defendant/third-party plaintiff BrightView Landscape Development, Inc. ("BrightView") has offered evidence of any defect or damages resulting from ACIE's work on the underlying construction project (the "Hinman pool

project") that would give rise to a claim for damages for which BrightView can seek indemnity from ACIE.

ACIE filed a Memorandum in support of its Motion for Summary Judgment, as well as a Statement of Undisputed Material Facts. (Doc. Nos. 111, 112.) BrightView did not file a response to the Statement of Undisputed Material Facts and, instead, effectively concedes in its Response to the Motion for Summary Judgment that the facts set forth by ACIE are undisputed. (*See* Doc. No. 119, at 3 (conceding that it "may be true" that "no evidence has been offered by any party in this case of any defects or damages resulting from ACIE's electrical work on the project").) At the same time, BrightView asserts that, if ACIE is entitled to summary judgment based on lack of evidence of deficiencies in its work, then BrightView should also be entitled to summary judgment on any claim asserted by plaintiff Jere Hinman that is premised upon faulty electrical work in connection with the Hinman pool project.

BrightView, too, has filed a Motion for Summary Judgment (Doc. No. 114), seeking judgment in its favor on Hinman's claims against it arising in connection with the pool project. The parties' briefing of that motion firmly establishes that the allegations of faulty electrical work set forth in the Complaint are no longer at issue and that the plaintiff does not seek damages, under any theory of recovery, premised upon such faulty electrical work.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. City of Elizabethtown*, 945 F.3d 968, 975 (6th Cir. 2019). Where, as here, the relevant facts are undisputed, the question of whether the moving party is entitled to summary judgment is purely a question of law. *Woodcock v. City of Bowling Green*, 679 F. App'x 419, 423 (6th Cir. 2017); *accord Bonneau*

*v. Plumbers & Pipefitters Local Union 51 Pension Tr. Fund ex rel. Bolton*, 736 F.3d 33, 36 (1st Cir. 2013).

In this case, it is undisputed that ACIE entered into a subcontract for the performance of all electrical work for the Hinman pool project ("Subcontract") in April 2015; it completed all electrical work as called for in the Subcontract; the Hinman pool project was substantially completed in September 2015; Hinman filed suit against BrightView on July 1, 2019, asserting numerous claims in connection with the construction of the pool; and ACIE did not hear from BrightView or anyone else regarding the Hinman pool project until it was served with the Third-Party Complaint on September 3, 2021 (Doc. No. 52). Based on these facts, the court finds that ACIE is entitled to summary judgment. First, the indemnity claims against it are entirely foreclosed by the applicable four-year statute of repose, Tenn. Code Ann. § 28-3-202, for the same reasons as those set forth in the Memorandum Opinion entered on September 13, 2022 (Doc. No. 105), granting third-party defendant Georgia Gunite and Pool Company's Motion for Summary Judgment based on the expiration of the statute of repose. The court adopts, in its entirety, the analysis set forth in that previous opinion. *See Hinman v. BrightView Landscape Dev., Inc.*, No. 3:19-cv-00551, 2022 WL 4231019 (M.D. Tenn. Sept. 13, 2022).

Second, it is also undisputed for purposes of ACIE's motion that plaintiff Jere Hinman is unaware of any deficiency in the work of ACIE, is not seeking damages against BrightView related to any alleged deficiency in the work performed by ACIE, has not hired an electrical contractor or expert to review the electrical system for the Hinman pool project, and has not presented any expert testimony or other evidence of any deficiency in ACIE's work. Because Hinman does not seek damages against BrightView based on any deficiency in the electrical work performed by ACIE, BrightView has no basis for seeking indemnity against ACIE. Accordingly, ACIE is entitled to summary judgment on the merits as well, even if the statute of repose did not bar the claims against it.

For both of these reasons, third-party defendant ACIE's Motion for Summary Judgment (Doc. No. 110) is **GRANTED**, and all claims asserted by defendant/third-party plaintiff against third-party defendant ACIE are **DISMISSED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge